**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DDM WEB SERVICES, INC., | ) | |
| an Illinois corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| AMERICAN OVERHEAD DOORS, INC. a | ) | |
| Connecticut corporation; AOD RETAIL, LLC, a | ) | |
| Connecticut limited liability company; | ) | |
| AMERICAN OVERHEAD RETAIL DIVISION, | ) | |
| INC., a Connecticut corporation; and MICHAEL | ) | |
| D. MISENTI; an individual; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff DDM WEB SERVICES, INC., an Illinois corporation ("Plaintiff") by and through

its counsel, The Collins Law Firm, P.C., for its Complaint, and states as follows:

### Introduction

1.      This is a suit for copyright infringement under Title 17 of the United States Code,

17 U.S.C. §§ 101, et seq. (the "Copyright Act").

2.      Plaintiff is a preeminent online retailer of commercial and residential garage door

parts and is highly-rated for customer service and satisfaction.

3.      Plaintiff is the registered owner of various copyrights, as described herein, namely,

on an online website catalog of photographs and descriptions of thousands of garage door parts.

4.      Plaintiff brings this action for copyright infringement based on Defendants'

pervasive, unauthorized, and unlicensed use of Plaintiff's copyright-registered images and product

descriptions.

1

## Parties

5.     Plaintiff is an Illinois corporation with its principal place of business located at 1092 Carolina Drive, Suite 5, West Chicago, Illinois 60185.

6.     Defendant American Overhead Doors Inc. is a Connecticut corporation with offices located at 1885 South Main Street, Middletown, CT 06457.

7.     Defendant AOD Retail LLC is a Connecticut limited liability company with offices located at 1885 South Main Street, Middletown, Connecticut, 06457.   According to the Connecticut Secretary of State, its members are Michael D. Misenti and James A. Misenti.

8.     American Overhead Retail Division, Inc. is a Connecticut corporation with offices located at 1885 South Main Street, Middletown, CT 06457.

9.     Michael Misenti is an individual residing in Connecticut and, upon information and belief, is an owner, officer, director, and/or employee of each of the aforementioned entities.

## Jurisdiction and Venue

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 (granting original jurisdiction to district courts for litigation related to patents, copyrights, trademarks and unfair competition).

11.     This Court has personal jurisdiction over Defendants because Defendants infringed on copyrighted content from Illinois residents located in this District, thus committing a tortious act within the meaning of the statute.  As more fully set forth below, the Defendants had actual knowledge that they were infringing on an Illinois corporation's intellectual property and interfering with an Illinois corporation's business that arose from the intellectual property, and Defendants sell and advertise products in Illinois to Illinois consumers.  Further, the Defendants

attempted to exploit the infringing conduct with the knowledge that Plaintiff would be injured in Illinois.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants are subject to this Court's personal jurisdiction with respect to this action.

## Background Facts

13.     Plaintiff is the registered owner of various copyrights, as described herein, namely, on an online website catalog of photographs and descriptions of thousands of garage door parts.

14.     For years, Plaintiff's employees have created high-quality, professional photographs of commercial and residential garage door parts, along with a detailed, professional descriptions for each part.

15.     Plaintiff has also created a proprietary part number system in order to organize, classify, and simplify the sales process for garage door parts.

16.     Plaintiff's website is in effect an "Amazon.com"-style marketplace for garage door parts.  However, unlike Amazon.com or another garden-variety online retailers, Plaintiff and its employees have written, created, photographed, and organized all of the photographs, part descriptions, and descriptive text on Plaintiff's website.  Moreover, Plaintiff has also created high-quality, professional videos and tutorials which allow it to educate its customers on safe and effective installation and maintenance of commercial and residential garage doors, in order to facilitate the growing "do-it-yourself" ("DIY") market.

17.     Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the aforementioned materials that have been unlawfully used by Defendants. The copyrighted materials are the subject of a valid certificate of copyright (Registration No. TX-8-

251-575) issued by the United States Copyright Office on May 6, 2016. *See* Exhibit A hereto, incorporated herein by reference.

18.     Plaintiff's website contains a copyright notice, and image searches on the internet warn searchers that images may be subject to copyright protection.

19.     Plaintiffs' DIY materials allow Plaintiff to attract customers to purchase the parts necessary for repairs and give Plaintiff a significant competitive advantage vis-à-vis the numerous other companies selling the exact same parts.

20.     Moreover, Plaintiff has expended substantial resources to create high-quality, professional photographs and parts descriptions because parts manufacturers frequently do not license pictures of their parts and there is no other affordable option to build a library of the extensive range of parts used for commercial and residential garage door parts.

21.     As is the case with many parts retailers, the profit margin on sales can be very small.

22.     Therefore, any slight advantage obtained by Plaintiff's competitors allows a competitor to undercut Plaintiff's prices.

23.     If Plaintiff's competitors do not need to incur the cost to create a high-quality parts catalog or professional parts descriptions—such as by unlawfully infringing Plaintiff's copyrighted materials—their overhead costs are significantly decreased and they can undercut Plaintiff's prices.

24.     As a result of the foregoing business environment, a significant portion of the entire value of Plaintiff is found in its intellectual property, namely, its copyrighted material.

### *Defendants Attempt to "Scrape" Plaintiff's Entire Website*

25.     Defendants sell garage door parts to end-users throughout the country, including in Illinois, and advertise their products and services to, *inter alia*, Illinois residents for purchase,

through a website known as AODRetail.com; through online "storefronts" at Walmart.com, Amazon.com, and newegg.com; and through as many as 122 URLs owned and controlled by Defendants which redirect to Defendants' sites or otherwise assist in selling products.

26.     In early 2017, AOD Retail, LLC, a division of Defendant American Overhead Doors, Inc. began a campaign to steal substantially all of the content from Plaintiff's website and otherwise re-direct internet consumers from Plaintiff's website to AOD's family of websites and online storefronts.

27.      Defendants used a method known as "web scraping" whereby it copied, word-for-word, all or substantially all of Plaintiff's proprietary parts number, descriptions, and photographs, to later "go live" on their websites.

28.     The "web scraping" gave Defendants a competitive advantage in that they no longer needed to expend time and resources to create, catalog, and photograph garage door parts, and now had the ability to redirect consumers using search engines from Plaintiff's website to Defendants' websites.

29.     Defendants' actions in essentially copying, word-for-word and shot-for-shot, Plaintiff's website, would substantially enrich Defendants to the direct detriment of Plaintiff, in a minimum value of hundreds of thousands of dollars to in excess of one million dollars.

30.     Defendant's infringements allow Defendants and others to unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends considerable sums to create, acquire and/or distribute.

31.     Within just a few days of Plaintiff discovering the infringement, it sent cease and desist letters to Defendants, advising Defendants that it had discovered their wrongdoing.

32. Defendants sent emails, made phone calls, and sent facsimiles to Plaintiff and its agents in Illinois, admitting that they had engaged in "web scraping" to copy the entirety of Plaintiff's website content, but ensuring Plaintiff that they (a) had removed all infringing content; and (b) that it would not engage in any future infringement.

33. Therefore, Defendants had actual knowledge that there was a dispute involving the intellectual property of an Illinois corporation located in Illinois, and further had actual knowledge that their actions (and any future actions) would be directed at an Illinois corporation located in Illinois.

34. Incredibly, rather that remove the infringing content, Defendants continued to brazenly cut-and-paste Plaintiffs' copyrighted photographs and part descriptions onto its own sites.

### Defendants are Jointly Liable for the Copyright Infringement

35. The continued, brazen infringement after receipt of Plaintiff's cease and desist letter, includes but is not limited to Defendants cut-and-paste of photographs of an extension spring hardware kit and the product description for same, used on multiple storefronts owned and operated by Defendants; a photograph of a trolley assembly; and a photograph of a gear and sprocket assembly used on multiple storefronts owned and operated by Defendants.

36. Each piece of content infringed upon by Defendants was created by Plaintiff's employees in its photography studio, or written and created by Plaintiff's employees, and all content is covered by Registration No. TX-8-251-575.

37. Upon information and belief, Defendants infringed on other content covered by Registration No. TX-8-251-575, including on some of the nearly 122 domain names owned or controlled by Defendants.

38.     The infringement was willful because Defendants knew that they were infringing on Plaintiff's copyright-registered material, or acted with reckless disregard of same, by virtue of the cease and desist letters, copyright notice on Plaintiff's website, and copyright warning on search engines.

39.     On information and belief, Michael Misenti is a principal, director, and/or officer of Defendants AOD Retail, LLC and American Overhead Retail Division, Inc.

40.     On information and belief, Michael Misenti is also a principal, director, and/or officer of Defendant American Overhead Doors, Inc.

41.     On information and belief, James Misenti, Michael Misenti's father, is a member/owner and director or officer of all three Defendants.

42.     On information and belief, all three Defendants operate from 1885 South Main Street, Middletown, Connecticut.

43.     On information and belief, all three Defendants have the same books and records, bank accounts, and financial statements and do not maintain or follow corporate formalities with regard to same.

44.     AOD Retail advertises that it was started "in 2014 by expanding our parent company American Overhead Doors. We saw a need for a dedicated online garage door parts company that had experience in the industry and technical skills for the products sold."

45.     AOD Retail advertises itself as a "Division of American Overhead Doors."

46.     At all times hereinafter mentioned, Misenti was, and still is, responsible for the control, management, operation, and maintenance of the affairs of AOD Retail, LLC and American Overhead Retail Division, Inc.  With the exception of American Overhead Doors, Inc., Misenti is the sole individual responsible for directing or causing the infringement described herein.

47.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place on the AOD family of websites, including the right and ability to supervise and control the images and text used.

48.     Each Defendant derives a direct financial benefit from the AOD family of websites, as the AOD Retail site directs consumers to purchase services from American Overhead Doors, and, upon information and belief, American Overhead Doors directs consumers to purchase parts from the AOD Retail family of websites.

49.     Accordingly, there is such a unity of interest and ownership between and among Defendants that the separate personalities of the entities no longer exist.

50.     Each Defendant is the alter ego or business conduit of the other.

51.     Circumstances are such that adherence to the fiction of separate corporations would promote injustice or inequitable circumstances, as Plaintiff might otherwise be left without remedy or means of recovery under any judgment obtained against one defendant.

52.     Adherence to the fiction of separate corporate existence would perpetrate a fraud on Plaintiff as a third party dealing with Defendants, and would otherwise promote injustice.

## COUNT I
### (Copyright Infringement against all Defendants)

53.     Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 52 as if set forth fully in this paragraph.

54.     Plaintiff is the owner of the copyrighted material covered by the federal copyright registration evidenced by Exhibit A.

55.     Defendants actually copied and distributed the constituent elements of each of the original works covered by the copyright registration evidenced by Exhibit A.

56.     Such copying constitutes an improper appropriation of Plaintiff's work, and is not protected by any fair use theory.

57.     Plaintiff did not authorize, permit or consent to Defendants' copying and distribution of its works.

58.     As a result of the foregoing, Defendants violated Plaintiff's exclusive right to, *inter alia*:

    a.  Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    b.  Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

    c.  Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501; and

    d.  Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

59.     Plaintiff has been damaged by Defendants' willful infringement as set forth above.

## COUNT II
### (Contributory Infringement against
### American Overhead Doors, Inc. and Misenti)

60.     Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 59 as if set forth fully in this paragraph.

61.     As set forth above, Defendants American Overhead Doors, Inc. and Misenti had actual knowledge of the copyright infringement on AOD Retail's website and storefronts.

62.     As set forth above, Defendants American Overhead Doors, Inc. and Misenti induced, caused, or materially contributed to the copyright infringement on AOD Retail's website and storefronts.

63.     Plaintiff has been damaged by Defendants' willful infringement as set forth above.

## COUNT II
### (Vicarious Liability for Contributory Infringement against
### American Overhead Doors, Inc. and Misenti)

64.     Plaintiff re-alleges, re-states, and incorporates by reference paragraphs 1 through 63 as if set forth fully in this paragraph.

65.     As set forth above, Defendants American Overhead Doors, Inc. and Misenti had the right and ability to control the copyright infringement on AOD Retail's website and storefronts.

66.     As set forth above, Defendants American Overhead Doors, Inc. and Misenti derived a direct financial benefit from the copyright infringement on AOD Retail's website and storefronts.

67.     Plaintiff has been damaged by Defendants' willful infringement as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and relief as follows:

A. Enter a permanent injunction providing that Defendants shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted material, including without limitation by using the Internet to reproduce or copy Plaintiff's copyrighted material, or to use same for commercial purposes; and to order Defendants to destroy all copies of Plaintiff's copyrighted material that Defendants have downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded content transferred onto any physical medium or device in Defendant's possession, custody or control;

B. Enter judgment against Defendants that they have a) willfully infringed Plaintiff's rights in its federally registered copyright; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

C. Enter judgment against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

D. Enter an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's content which are in Defendant's possession or under his control;

E. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action;

F.  For such other and further relief as this Court deems equitable and just.


Dated:  May 12, 2017

                                     Respectfully Submitted,
                                     **DDM WEB SERVICES, INC.**


Robert L. Dawidiuk, ARDC #6282717     By: /s/ Robert L. Dawidiuk_____ _
Jeffrey M. Cisowski, ARDC #6308759            One of its Attorneys
THE COLLINS LAW FIRM, P.C.
1770 Park Street, Suite 200
Naperville, IL 60563
(630) 527-1595
rdawidiuk@collinslaw.com
jcisowski@collinslaw.com